# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 831 | **DATE** | 2/7/2011 |
| **CASE TITLE** | Joshua Cole Murphy vs. Commissioner Michael J. Astrue | | |

**DOCKET ENTRY TEXT**

Murphy's Motion to Proceed *In Forma Pauperis* is granted.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Plaintiff Joshua Cole Murphy ("Murphy") moves the Court to proceed *in forma pauperis* without the full prepayment of filing fees. For the reasons stated below, the Court grants Murphy's motion.

    Murphy is appealing a final administrative decision by Social Security Commissioner Michael J. Astrue (the "Defendant") denying his application for Social Security Disability benefits for lack of disability. Murphy alleges that the Defendant's finding that he is not disabled is not supported by substantial evidence and is contrary to law and regulation.

    Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Murphy to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Murphy need not be penniless in order to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See id*. According to his financial affidavit, Murphy is unemployed and has been since October 2005. Murphy's only source of income is $200 per month in food stamps. Murphy lives with his 83 year old grandfather, who has been retired for 20 years. Murphy's grandfather receives $1,447 per month in pensions and social security, has $5,000 in savings, and has monthly medical bills of $133. Murphy's grandfather owns a single family home valued at $44,000 and a car valued at $5,000. Murphy's grandfather does not owe any money on either. Neither Murphy nor his grandfather have any other personal property worth over $1,000. Based on these facts, Murphy's financial affidavit sets forth his inability to pay the mandated court fees.

    The Court, however, must look beyond Murphy's financial status. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also*

|                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                     |
| --- |
| **STATEMENT** |
| *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Here, Murphy alleges that the Defendant improperly denied his application for benefits based on a finding that he was not disabled. He alleges that the Commissioner's findings of fact are not supported by the evidence and are contrary to law and regulation. Murphy's Complaint provides the Defendant with adequate notice of the charges and does not appear frivolous or otherwise meritless. Therefore, Murphy's Complaint is properly before the Court.<br><br>    For the reasons stated, Murphy's Motion to Proceed *In Forma Pauperis* is granted. |